UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EZE NWANYI TRILLION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TABITHA ALLENE JONES,<br><br>　　　　Defendant. | Case No. 2:22-cv-02282-DAD-JDP (PS)<br><br>ORDER SCREENING PLAINTIFF'S COMPLAINT AND GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF Nos. 1 & 2 |

  Plaintiff Eze Nwanyi Trillion, who claims to be a sovereign citizen "conducting [] business in the United States of America Republic" as Tabitha Allene Jones, brings this action regarding a piece of property. Plaintiff's complaint, however, fails to state a claim. I will give plaintiff a chance to amend the complaint before recommending dismissal. I will grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2), and plaintiff's request for ruling on the *in forma pauperis* application, ECF No. 6.

**Screening and Pleading Requirements**

  A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.

1

1   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

2   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

3   identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

4   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

5   give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

6   n.2 (9th Cir. 2006) (en banc) (citations omitted).

7         The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

8   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

9   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

10  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

11  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

12  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

13  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

14  **Analysis**

15        Plaintiff claims to be a "sovereign living being" who conducts business under the name

16  Tabitha Allene Jones, who is also the named defendant.[1]  ECF No. 1.  The complaint states no

17  cause of action.  As best I can discern, the complaint seeks to establish notice of plaintiff's

18  ownership of a property located in Stockton, California.  *Id.* at 3.  Plaintiff states that the value of

19  the property is "One-hundred Billion (100,000,000,000.00) Troy Ounces of .999 Fine Silver

20  Bullions."  *Id.*

21        Courts have categorically rejected claims based on sovereign citizen theories.  *See United*

22  *States v. Ward*, 182 F.3d 930 (9th Cir. 1999) (noting that contentions based on sovereign citizen

23  arguments are "frivolous" and that "courts ordinarily reject similar contentions without extended

24  argument").  Rejection is appropriate here; the complaint states no viable claim.  The complaint

25  does not articulate any action or inaction taken by the defendant.  If plaintiff chooses to amend

26

27      [1]Plaintiff separately filed two exhibits to the complaint.  ECF Nos. 3 & 4.  The court has reviewed both filings.  Plaintiff is notified that, going forward, plaintiff must include all factual
28  allegations in the body of a complaint.

the complaint, plaintiff should take care to allege an appropriate factual basis. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim.").

I will allow plaintiff a chance to amend the complaint before recommending that this action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court that plaintiff wishes to stand by the current complaint. If plaintiff selects the latter option, I will recommend that this action be dismissed.

3. Failure to comply with this order will result in the dismissal of this action.

4. The Clerk of Court is directed to send plaintiff a new form complaint.

IT IS SO ORDERED.

Dated:    November 20, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE